UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------
MOHAMED ABBAS,

                              Plaintiff,

    v.                                                     9:03-CV-0476
                                                                  (GLS)(DRH)

SUPT. SENKOWSKI, Superintendent, Clinton Corr.
Facility; *et al.,*

                              Defendants.
------------------------------------------------------------------------

**APPEARANCES:**                          **OF COUNSEL:**

MOHAMED ABBAS
Plaintiff, *pro se*
96-A-3458

THE PURROTT LAW FIRM               ANDREW M. PURROTT, ESQ.[1]
74 Chapel Street
Albany, NY 12207

HON. ANDREW M. CUOMO           STEVEN H. SCHWARTZ, ESQ.
Office of the Attorney General
State of New York
Department of Law
The Capitol
Albany, New York 12224

GARY L. SHARPE, U.S. DISTRICT JUDGE

# ORDER

    Presently before the Court for is a motion for a facility transfer filed by Mohammed Abbas ("plaintiff" or "Abbas"). Dkt. No. 79. Defendants have opposed the motion (Dkt. No. 81) and plaintiff filed a reply. Dkt. Nos. 82, 84.

---

[1] Mr. Purrott was appointed for purposes of trial only. Dkt. No. 70. Plaintiff filed this motion *pro se*.

**A.     Plaintiff's Motion.**

Plaintiff's motion seeks an order from this Court requiring the New York State Department of Correctional Services ("DOCS") to transfer plaintiff from Clinton Correctional Facility out of the "Clinton Hub."[2] Plaintiff also states he can not be safely transferred to Attica, Clinton, Green, Auburn, Mid-State, Wende, Southport, or Five Points correctional facilities due to retaliation for his pending law suits, and because he has "encountered racist and discriminatory abuse and hostility due to his ethnicity and religious beliefs" in all of these facilities.[3] Dkt. No. 79.

Plaintiff alleges that he is seeking a transfer from Clinton Correctional Facility because he has been subjected to torture, physical abuse, racism and prejudice since his arrival there on March 9, 2007. More specifically, plaintiff alleges he was assaulted on April 3, 2007, that the Clinton staff "has ignored all of plaintiff's medical conditions," has continuously moved him despite the fact that he has a "flat order," and that the superintendent "has failed to take any action to remedy the matter." Dkt. No. 79.[4]

**B.     Defendants' Response.**

Defendants argue that plaintiff has no legal right to be placed in a facility of his choosing, and submitted documents that suggest that plaintiff is simply attempting to be

---

[2]The Clinton Hub is located in three most northerly counties of New York State, and is comprised of Upstate, Clinton, Chateaugay, Bare Hill, Franklin, Lyon Mountain, Altona, Gabriels and the Adirondack correctional facilities.

[3]The Court notes that this list includes all of the DOCS maximum security prisons in Western, Central, and Northern New York State.

[4]Plaintiff also claims that a letter from his court appointed attorney "put his life and well being in danger." However, plaintiff seems to have blacked out the relevant portions of that letter before annexing it to his motion.

moved to a facility closer to the New York City area. *Cf.* Dkt. No. 81, Exhibit A, entry dated April 6, 2007. Defendants also submitted plaintiff's medical records that demonstrate that he has been receiving ongoing care for a number of medical issues, and that he was issued permits for all of the special medical equipment he requires (TENS unit, back support, etc.). *Id.*, Exhibit A. [5]

With respect to the alleged assault, defendants submitted various investigatory documents that resulted from an investigation into plaintiff's allegations, including statements from various officers, and a narrative from the investigator as to his findings and conclusions. That investigator found the allegations unsupported, due in large part to the fact that plaintiff changed his version of events on a number of occasions, including his description and location of the alleged attacker. *See*, Dkt. No. 81, Exhibits B-C.

With respect to the issue relating to plaintiff's placement on the first floor of a cell block, defendants annexed three letters from plaintiff to captains Bell and Minogae dated April 23, 2007, April 24, 2007, and April 26, 2007 stating that he is being moved around, that he has missed a commissary buy due to this movement, and that he wants to be left in one location. Five days later, on May 1, 2007, plaintiff wrote a response stating that "the problem has been resolved" and that he no longer wished to pursue the complaint. On the same date, a memo was issued directing that plaintiff be permitted a call out for a commissary "make up buy." Dkt. No. 81, Exhibit E.

---

[5] The permits appear to have been issued on March 14, 2007 or five days after plaintiff's arrival at the facility. Dkt. No. 81, Exhibit A.

**C.    Discussion.**

Generally, the Department of Correctional Services has the authority and discretion to determine where inmates should be housed, and when transfers are appropriate. *Tinsley v. Goord*, 2006 WL 2707324 (S.D.N.Y. Sept. 18, 2006). In fact, it is well settled that "[a] state prisoner has no liberty interest in being housed in a particular facility." *Cole v. Goord*, 2006 WL 3378145 (S.D.N.Y. Nov. 16, 2006) *citing Matiyn v. Henderson*, 841 F.2d 31, 34 (2d Cir. 1998). "In the absence of a violation of a federally protected right .... there is no basis for a federal court to interfere in DOCS' housing decisions." *Matiyn, supra.*

In this motion, plaintiff has alleged, with the most conlcuory of allegations, that he is being discriminated against based upon his religion and nationality. However, "complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987) (other citations omitted)); *Pourzandvakil v. Humphry*, 94-CV-1594, 1995 U.S.Dist. LEXIS 7136, *24-25 (N.D.N.Y. May 22, 1995) (Pooler, J.) (citation omitted). Such allegations are also an insufficient basis for this Court to grant any relief on pursuant to this motion.

Similarly, plaintiff has failed to establish any deliberate indifference to his medical or safety needs. While plaintiff made allegations of indifference and non-action in the face of his complaints, grievances, and requests for medical care, the documents submitted to this Court with defendants' response demonstrate that such allegations are

4

not founded in fact.

Finally, while plaintiff alleges in his reply that the actions complained of are in retaliation for his litigation in this Court, plaintiff has offered nothing other than his bald assertions in this regard. Again, such conclusory and unsupported allegations can not serve as a basis for the relief plaintiff seeks on this motion.

Accordingly, plaintiff's motion for a facility transfer must be denied

WHEREFORE, it is hereby

ORDERED, that plaintiff's motion for a facility transfer (Dkt. No. 79) is denied, and it is further

ORDERED, that the Clerk serve a copy of this Order on the plaintiff, and the counsel for both parties, in accordance with the Local Rules.

IT IS SO ORDERED.

September 10, 2007

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge