UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------
MOHAMED ABBAS,

                                      Plaintiff,

    v.                                      9:03-CV-476
                                                (GLS)(DRH)

SUPT. SENKOWSKI, Superintendent,
Clinton, Cor. Facility, *et al*,

                                      Defendants.

--------------------------------------------------------------------------
APPEARANCES:                            OF COUNSEL:

MOHAMED ABBAS
96-A-3458
Plaintiff, *pro se*

HON. ANDREW M. CUOMO            STEVEN H. SCHWARTZ, ESQ.
Office of the Attorney General
State of New York
Department of Law
The Capitol
Albany, New York 12224

GARY L. SHARPE, UNITED STATES DISTRICT JUDGE

## **DECISION and ORDER**

     Plaintiff Mohamed Abbas commenced this action on April 17, 2003 alleging deprivations of his constitutional rights. A trial was held before this Court on July 29, 2008 through July 31, 2008. On July 31, 2008, the jury returned a verdict in favor of Defendants. Dkt. No. 135. The Court entered judgment in favor of Defendants against Plaintiff on July 31, 2008, in accordance with the jury verdict. Dkt. No. 136. Plaintiff has appealed from the July 31, 2008 judgment to the Second Circuit Court of Appeals. Dkt. No. 137.

     Currently before the Court is Plaintiff's request for free transcripts of the trial-

court proceedings that form the basis of his appeal.[1]  Dkt. No. 141.

Section 753 of Title 28 of the United States Code provides, in pertinent part, that

> [f]ees for transcripts furnished in other proceedings[2] to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).  The reporter may require any party requesting a transcript to prepay the estimated fee in advance except as to transcripts that are to be paid for by the United States.

28 U.S.C. § 753(f).  "The standard for determining if an appeal presents a substantial question is whether, when judged on an objective basis, the appeal (1) raises a question that is 'reasonably debatable' and (2) whether the transcript is necessary to the presentation of the appeal." *O'Neal v. County of Nassau*, 992 F. Supp. 524, 536 (E.D.N.Y. 1997).

Plaintiff's request that he be provided a copy of the trial transcript at government expense fails to specify any grounds for his appeal or state why the trial transcript is necessary for the appeal.[3]  Therefore, the Court is unable to determine whether Plaintiff has satisfied the requirements of § 753(f).  Accordingly, Plaintiff's request for free trial transcripts is **denied without prejudice to renew**.  Plaintiff may renew his request by submitting, along with his renewed motion, a statement detailing the "substantial

---

[1] Plaintiff states that he filed a prior request in August 2008.  However, the Court did not receive such a request.

[2] "Other proceedings" refers to proceedings **other than** criminal proceedings, habeas proceedings, or proceedings commenced under 28 U.S.C. § 2255.  *See* 28 U.S.C. § 753(f).

[3] Plaintiff also did not indicate in his Notice of Appeal the grounds for his appeal.  *See* Dkt. No. 137.

question" presented by his appeal, and why the trial transcript is necessary to presentation of the appeal.  *See Belcher v. Bridgeport Police* 218 F.3d 196 (2d Cir. 2000).

WHEREFORE, it is hereby

ORDERED that Plaintiff's request for free trial transcripts (Dkt. No. 141) is **DENIED without prejudice to renew** as set forth above; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: December 5, 2008

Gary L. Sharpe
U.S. District Judge